## Sober *versus* Standart.

Where a married woman owning no separate estate purchases a farm on credit, and gives a mortgage, in which her husband joins, to secure the entire purchase money, the produce of said farm, raised by the joint efforts of husband and wife, is liable to be seized in execution by a judgment creditor of the husband.

April 29th, 1885. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas, of *Northumberland county :* Of January Term 1885, No. 375.

Feigned issue, wherein Isaac J. Sober and Abigail his wife, in her right, were plaintiffs, and Charles Standart was defendant, to determine the ownership of certain wheat, etc., levied on by the sheriff by virtue of a writ of fi. fa. issued by the defendant against Isaac J. Sober.

On the trial, before ROCKEFELLER, P. J., it appeared that on March 6th, 1880, Abigail Sober purchased from Vastine and Muench a tract of farm land containing twenty-five acres, for $2000, securing the whole purchase money by a bond and mortgage, in which her husband joined, no part of which has been paid. The premises were occupied by both husband and wife, who by their joint exertions raised and harvested the wheat, oats and potatoes which were levied on in execution at the suit of Charles Standart, a judgment creditor of the husband, as the property of said husband. It also appeared, inter alia, that Isaac J. Sober was insolvent, and that his wife possessed no separate estate, but had obtained a judgment against him for money loaned him derived from her deceased father's estate, prior to the entry of defendant Standart's judgment.

There being no dispute as to the facts, the court instructed the jury to find for defendant. Verdict accordingly for defendant. The court subsequently filed an opinion discharging

a rule for new trial, and judgment was entered on the verdict; whereupon plaintiffs took this writ, assigning for error the said action of the court.

*William A. Sober* (with whom was *L. H. Kase*), for plaintiffs in error.—This case should have been submitted to the jury, for in such contests as this there is some fact for them to find, either from the uncontradicted proof or from fair and reasonable inference from the proofs. The question of fraud is generally one of fact, upon all the evidence; or one of both law and fact, to be answered by the jury under proper instructions as to the law, by the court. Rarely, if ever, is it one of law exclusively for the court, without the aid of a jury.

*S. B. Boyer* for defendant in error was not called on.

Chief Justice MERCUR. delivered the opinion of the court May 18, 1885.

It is settled law that when a married woman has a separate estate, and buys property on the credit thereof, she may hold the property thus bought against the creditors of her husband: Silveus' Executor *v.* Porter et ux., 24 P. F. S., 448; Seeds *v.* Kahler, 26 Id., 262. It is equally as well settled that when she has no separate estate, and buys property on her personal credit, she cannot so hold it: Baringer *v.* Stiver, 13 Wright, 129; Brown *v.* Pendleton, 10 P. F. S., 419; Bucher *v.* Ream, 18 Id., 421; Seeds *v.* Kahler, supra; Sixbee *v.* Bowen, 10 Norris, 149; Lochman *v.* Brobst, 6 Out., 481. The true intent of the Act of 1848 is to preserve to her and to protect her in the use and enjoyment of her bona fide separate estate, but not to enable her to defraud the creditors of her husband. In the present case the wife had no separate estate on which a credit could be based. The purchase was solely on the personal credit of herself and of her husband. There is no error in the record.

Judgment affirmed.